An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

JOHNNY ESQUIVEL,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62029

**FILED**

OCT 1 6 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of second-degree murder with the use of a deadly weapon. Eighth Judicial District Court, Clark County; Valerie Adair, Judge.

Appellant Johnny Esquivel's sole contention on appeal is that there was insufficient evidence to support his conviction for second-degree murder because he shot the victim in self-defense. We review the evidence in the light most favorable to the prosecution and determine whether any rational juror could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992).

Here, evidence was presented that Esquivel got into an altercation with Brent West, the occupant of a home near downtown Las Vegas, after Esquivel's friend was beat up by West's friend Eddie. The day after the altercation, Esquivel approached Eddie outside West's home and told him, "get your . . . homeboy out [here]." Eddie called to West who was inside the home. As West exited the home, Esquivel displayed a firearm

13-31000

while standing in West's front yard. Meanwhile, Eddie's girlfriend heard the commotion, climbed out of the back of a truck in the driveway, and grabbed a bat. This occurred after Esquivel displayed the firearm. When Eddie saw the gun, he told West and his girlfriend, "he's got a gun, he's got a gun" and threw a chair at Esquivel. Esquivel dodged the chair and shot Eddie in the back as he ran toward the front door of West's home. When Esquivel tried to fire a second shot his gun jammed and he fled.

We conclude that a rational juror could infer from these circumstances that Esquivel was the original aggressor, *see* NRS 200.120(2)(a), did not have a right to be present at the location where he used deadly force, *see* NRS 200.120(2)(b), and was actively engaged in conduct in furtherance of criminal activity, *see* NRS 200.120(2)(c); NRS 207.200(1) (unlawful trespass), when he shot the victim. Therefore, he had the duty to retreat before using deadly force in order for his homicide to be justifiable. *See* NRS 200.120; *see also Harkins v. State,* 122 Nev. 974, 990, 143 P.3d 706, 716 (2006) ("Self-defense is not available to an original aggressor."). No evidence was presented that Esquivel attempted to retreat before he shot the victim in the back, and a rational juror could conclude from these circumstances that Esquivel committed second-degree murder. *See* NRS 200.010(1); NRS 200.030(2). The jury's verdict will not be disturbed on appeal where, as here, substantial evidence supports the conviction. *Bolden v. State,* 97 Nev. 71, 73, 624 P.2d 20, 20 (1981); *see also Hernandez v. State,* 118 Nev. 513, 531, 50 P.3d 1100, 1112 (2002) ("[C]ircumstantial evidence alone may support a conviction."); *McNair,* 108 Nev. at 56, 825 P.2d at 573 ("[I]t is the jury's function, not that of the

court, to assess the weight of the evidence and determine the credibility of witnesses."). Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Hardesty

_____, J.          _____, J.
Parraguirre                          Cherry

cc:    Hon. Valerie Adair, District Judge
      Sandra L. Stewart
      Attorney General/Carson City
      Clark County District Attorney
      Eighth District Court Clerk